NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4023-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SKYLER GAINES,

 Defendant-Appellant.
_______________________________

 Submitted May 15, 2017 – Decided June 22, 2017

 Before Judges Haas and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Morris County,
 Indictment No. 10-01-0077.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Mark Zavotsky, Designated
 Counsel, on the brief).

 Fredric M. Knapp, Morris County Prosecutor,
 attorney for respondent (Paula Jordao,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Skyler Gaines appeals from the denial of his

petition for post-conviction relief (PCR) without an evidentiary
hearing. After reviewing the record in light of the applicable

legal principles, we affirm.

 Police were dispatched to an area after a report of a fight

and stabbing. They encountered a large crowd of people and two

victims. One person had severe stab wounds to his abdomen and

arm; and a second victim had injuries to his head and eye. The

police were given a description of the suspects and went to a

nearby apartment building where they thought they might be located.

Residents of the building directed the police to a specific

apartment on the first floor.

 One officer was outside the rear of the building when he

observed a window being opened and several items being thrown out

the window to the ground.1 The officer saw defendant stick his

head out of the window, but when he saw the officer, defendant

retreated back into the room.

 Several females let the police into the apartment and they

observed defendant running from the bedroom area and removing his

shirt. They restrained and handcuffed him.

1
 These items included a kitchen knife with dried blood on the
blade and a bag containing clothing and a second knife.

 2 A-4023-15T4
 Defendant gave a statement to the police after being advised

of his Miranda2 rights. Defendant stated that after hanging out

and drinking with some friends at the apartment for several days,

he went down the street and entered a home where a barbecue was

taking place; however, he was asked to leave. When he told his

friends that the people at the barbecue had given him "a hard

time," several of them went over to the gathering. Defendant

returned with a butcher knife and a butter knife. Defendant stated

that he did not know the victim, but he did not like something the

victim said, and he stabbed him.

 Following a jury trial, defendant was found guilty of second-

degree aggravated assault; fourth-degree aggravated assault;

hindering apprehension or prosecution; tampering with evidence;

possession of a weapon for an unlawful purpose and unlawful

possession of a weapon. Defendant was found not guilty on several

counts, and after a hung jury on several other counts, a mistrial

was declared on those four counts.

 We affirmed defendant's conviction in State v. Gaines, No.

A-2068-11 (App. Div.), certif. denied, 219 N.J. 631 (2014). We

remanded for resentencing on one count.

2
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 3 A-4023-15T4
 Defendant filed a PCR petition pro se, and thereafter, was

assigned counsel. Defendant asserted that his trial counsel had

been constitutionally ineffective in his pretrial preparation and

failure to call any favorable witnesses. He further contended

that counsel had coerced defendant not to testify. In a

comprehensive oral decision issued on March 8, 2016, Judge Thomas

J. Critchley, Jr., discussed each of defendant's arguments,

applied the legal standards under Strickland v. Washington, 466

U.S. 668, l04 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and State v.

Fritz, l05 N.J. 42 (l987), and denied the petition.

 Judge Critchley noted that defendant's claim that counsel had

failed to "investigate, locate and then call witnesses" was

 only cast in very broad conclusory vague
 terms. There are no — for example, witnesses
 who have come forward . . . and who have been
 cited by the defendant saying, well, I was
 prepared to testify to thus and so, . . .
 there is nothing that has developed or nor do
 I see how it could be developed that would in
 any way challenge the conclusive evidence that
 was presented.

 The judge also took note of the discussion between the trial

judge and trial counsel concerning defendant's decision not to

testify. Counsel advised the trial judge that after a

"considerable conversation" with defendant, including a discussion

of the pros and cons of presenting testimony, trial counsel had

recommended against taking the stand. The judge verified with

 4 A-4023-15T4
defendant that he agreed with the representations his attorney had

made. Judge Critchley concluded, therefore, that defendant's

argument in his PCR petition was inconsistent with the record. He

further stated that there was little to be gained by testifying,

as his testimony was likely to conflict with the direct evidence

and his own statement provided to the police after arrest. The

judge found defendant had not established a prima facie case

entitling him to an evidentiary hearing, and the petition was

denied.

 Defendant presents the following points on appeal:

 POINT I: DEFENDANT WAS DENIED EFFECTIVE
 ASSISTANCE OF COUNSEL ENTITLING HIM TO POST
 CONVICTION RELIEF AND AN EVIDENTIARY HEARING

 (A) Counsel was ineffective for
 failing to conduct a minimally
 adequate pretrial investigation
 resulting in the failure to call
 favorable witnesses to assist in a
 defense

 (B) Counsel was ineffective for
 violating defendant's constitution-
 al right by coercing him not to
 testify on his own behalf

 POINT II: UNDER THE DOCTRINE OF CUMULATIVE
 ERROR A NEW TRIAL SHOULD BE ORDERED PURSUANT
 TO STATE v. ORECCHIO, 16 N.J. 125, 129 (1954)

 The standard for determining whether counsel's performance

was ineffective for purposes of the Sixth Amendment was formulated

in Strickland v. Washington, supra, 466 U.S. at 668, l04 S. Ct.

 5 A-4023-15T4
at 2052, 80 L. Ed. 2d at 674, and adopted by our Supreme Court in

State v. Fritz, supra, l05 N.J. at 42. In order to prevail on a

claim of ineffective assistance of counsel, defendant must meet

the two-prong test of establishing both that: (l) counsel's

performance was deficient and he or she made errors that were so

egregious that counsel was not functioning effectively as

guaranteed by the Sixth Amendment to the United States

Constitution; and (2) the defect in performance prejudiced

defendant's rights to a fair trial such that there exists a

"reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Strickland, supra, 466 U.S. at 687, 694, l04 S. Ct. at 2064, 2068,

80 L. Ed. 2d at 693, 698.

 We are satisfied from our review of the record that defendant

failed to meet his burden of proof as to a showing of

ineffectiveness of trial counsel within the Strickland-Fritz test

and conclude that his arguments lack sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(2). As before the

PCR court, defendant has not provided a certification with any

potential witnesses who might have provided favorable testimony.

We affirm substantially for the reasons expressed by Judge

Critchley as reflected in his well-reasoned oral opinion.

 Affirmed.

 6 A-4023-15T4